UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMOD CHHETRI,

            Plaintiff,

    v.

MANAGED HEALTH CARE ASSOCIATES, INC., a Foreign Profit Corporation,

            Defendant.

Case No.

**NOTICE OF REMOVAL TO FEDERAL COURT**

DIVERSITY OF CITIZENSHIP AND FEDERAL QUESTION

**28 U.S.C. § 1331, 1332, 1441, 1446**

**TO:**      **PLAINTIFF AMOD CHHETRI;**

**AND TO:**    **ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Managed Health Care Associates, Inc. ("MHA"), by this Notice, now effects the removal of the above-entitled action from the Superior Court of the State of Washington in and for the County of Clark to the United States District Court for the Western District of Washington at Tacoma. This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a), 1441, and is timely under 28 U.S.C. § 1446. This removal is also based upon federal question jurisdiction, in accord with 28 U.S.C. §§ 1331, 1441(a), and is timely, pursuant to 28 U.S.C. § 1446.

In support of its Notice of Removal, Defendant provides the following information:

NOTICE OF REMOVAL - 1

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## JURISDICTION

1.     This Court has jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331, 1332, and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

2.     MHA is the only named defendant, is represented by the undersigned counsel, and consents to removal. As set forth below, this case meets all of the requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

## PLEADINGS, PROCESS, AND VENUE

3.     On October 25, 2022, Plaintiff initiated the instant matter by filing a copy of the Summons and Complaint for Damages with the Superior Court of the State of Washington in and for the County of Clark. A true and correct copy of the Complaint is attached as **Exhibit A**. A true and correct copy of the Summons is attached as **Exhibit B**. A true and correct copy of the Case Information Cover Sheet is attached as **Exhibit C**. A true and correct copy of the Notice of Assignment is attached as **Exhibit D**.

4.     Plaintiff effected service of the Summons and the Complaint on Defendant MHA on December 29, 2022 through MHA's registered agent for service of process in the State of Washington, Corporation Service Company. A true and correct copy of the Notice of Service of Process is attached as **Exhibit E**.

5.     On January 12, 2023, Defendant appeared in this action in Clark County Superior Court through undersigned legal counsel. A true and correct copy of Defendant's Notice of Appearance is attached as **Exhibit F**.

6.     By signing this Notice of Removal, counsel for Defendant verifies that the above-described items attached hereto are true and complete copies of the records and proceedings on file in the state court proceeding.

NOTICE OF REMOVAL - 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

7.   Venue is proper (for purposes of removal) in the Western District of Washington at Tacoma. Venue is proper in this District because this is the District Court of the United States for the District encompassing the place where this action is pending. 28 U.S.C. § 1441. Venue is proper in Tacoma because Plaintiff resides and initiated the lawsuit in Clark County. *See* Western District of Washington Local Civil Rule 3(d)(2).

## DIVERSITY OF CITIZENSHIP

8.   Removal of this action is appropriate based on diversity of citizenship under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). As shown below, there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1).

9.   At the time this action was commenced, and at all times relevant to the allegations set forth in the Complaint, Plaintiff Amod Chhetri was, an individual and purports to be a citizen of the State of Washington. Exhibit A, Complaint, ¶ 2.

10.   At the time this action was commenced, and at the time of removal, MHA was not, and is not, a citizen of the State of Washington.

11.   A corporation such as MHA is a citizen of those states in which it is incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). MHA is a Delaware corporation with its principal place of business in Florham Park, New Jersey, where MHA has its corporate headquarters. Thus, MHA is a citizen of Delaware and New Jersey, *but not* Washington. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("principal place of business" of corporation "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities", which is often "metaphorically called its 'nerve center'").

12.   Consequently, there is complete diversity of citizenship between Plaintiff Chhetri and Defendant MHA.

NOTICE OF REMOVAL - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

**AMOUNT IN CONTROVERSY**

13.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. For the reasons set forth below, Defendant avers that the amount in controversy exceeds $75,000, exclusive of interest and costs.

14.     The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Ibarra v. Manheim Inv., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal") (citing *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)); *see also St. Paul Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal"); *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal "'encompasses all relief a court may grant on that complaint if the plaintiff is victorious.'").

15.     The remedies Plaintiff seeks in his Complaint are enough to satisfy the amount in controversy. Plaintiff seeks the following relief: (1) "[a]s a direct result of Defendant's retaliatory actions against Plaintiff…, Plaintiff experienced a hostile work environment… for which he is entitled to recover compensatory damages… which amount I alleged to be $200,000"; (2) "[a]s a direct result of Defendant's action…Plaintiff suffered and continues to suffer economic damages…which amount is alleged to be approximately $250,000"; (3) "[a]s a direct result of

NOTICE OF REMOVAL - 4

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

Defendant's actions in terminating Plaintiff's employment…he is entitled to recover compensatory damages…which amount is alleged to be $300,000"; and (4) "[a]s a direct result of Defendant's retaliatory actions against Plaintiff… he is entitled to recover compensatory damages…which amount is alleged to be $200,000." *See* Exhibit A, Complaint, ¶¶ 27, 30, 31 and 34. Accordingly, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000.

## FEDERAL QUESTION

16.     This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court by Defendant pursuant to provisions of 28 U.S.C. § 1441. Removal is appropriate because Plaintiff's Complaint asserts a federal claim and raises claims that are preempted by federal law.

17.     Pursuant to 28 U.S.C. § 1441(b) "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regards to the citizenship or residence of the parties."

18.     Plaintiff's Complaint arises out of his employment with Defendant and alleges a cause of action for discrimination under 42 U.S.C. § 1981 *et. seq.*, Exhibit A, Complaint, Third Claim for Relief, ¶¶ 33-35.

19.     Because this Court has original jurisdiction over this case, removal of this case to federal court is proper. 28 U.S.C. § 1441.

## SUPPLEMENTAL JURISDICTION

20.     This Court has supplemental jurisdiction over Plaintiff's remaining state law claims for alleged retaliation and termination in violation of Washington Law Against Discrimination ("WLAD"), RCW 49.60.030. pursuant to 28 U.S.C. § 1367. This language has been interpreted to allow the district courts to assert jurisdiction over the state law claims that arise from the same transaction or occurrence as the applicable federal law claims. *See Raygor v. Regents of the University of Minnesota*, 534 U.S. 533, 540 (2002).

NOTICE OF REMOVAL - 5

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

21.     In this case, Plaintiff's state law claims are based on the same alleged facts that underlie his federal claims.

22.     Because Plaintiff's state law claims arise from the same transaction or occurrence as his federal claims, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a), and the entire case can be properly removed to federal court. 28 U.S.C. § 1441(c).

## TIMELINESS OF REMOVAL

23.     Plaintiff's Complaint constitutes the first "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" within the meaning of 28 U.S.C. § 1446(b). Plaintiff served Defendant with the Complaint on December 29, 2022. Pursuant to 28 U.S.C. § 1446(b), Defendant is therefore timely filing this Notice of Removal within thirty (30) days after receipt of the "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time to remove does not begin to run until proper service of the summons and complaint).

24.     Written notice of the filing of this Notice of Removal will be given to all parties who have appeared in this action, and a copy of the Notice of Removal will be filed with the Clerk of Court of the Superior Court of the State of Washington, in and for the County of Clark, where Plaintiff commenced this action.

## RESERVATION OF RIGHTS

25.     In the event this Court should be inclined to remand this action, MHA requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.

26.     Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to insufficient service of process, insufficient process, or lack of personal jurisdiction.

NOTICE OF REMOVAL - 6

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

WHEREFORE, Defendant MHA respectfully requests that this action now pending in the Clark County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Tacoma.

Dated: January 18, 2023

/s/ Alyesha A. Dotson
Alyesha A. Dotson, WSBA #55122
adotson@littler.com

/s/ Brian Rho
Brian Rho, WSBA #51209
brho@littler.com

LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101.3122
Phone: 206.623.3300
Fax:    206.447.6965

Attorneys for Defendant
MANAGED HEALTH CARE ASSOCIATES, INC.

NOTICE OF REMOVAL - 7

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300

## CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on January 18, 2023, I electronically filed the foregoing document titled ***Notice of Removal to Federal Court*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

**Plaintiff's Counsel of Record**

Sue-Del McCulloch, WSBA #32667
Law Offices of Sue-Del McCulloch LLC
111 SW Columbia St., Suite 1010
Portland, OR 97201
Tel: 503-221-9706
Fax: 503-821-6018
sdmcculloch@sdmlaw.net

I certify under penalty of perjury under the laws of the State of Washington that the above is true and correct. Executed on January 18, 2023, at Seattle, Washington.

*/s/ Noemi Villegas*
Noemi Villegas, Legal Secretary
NVillegasDiaz@littler.com
**LITTLER MENDELSON, P.C.**

4875-9893-1273.2 / 615000-7009

NOTICE OF REMOVAL - 8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street, Suite 3200
Seattle, Washington 98101.3122
206.623.3300